IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TRULA E. CRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-1112-WEB |
| | ) | |
| KENNETH MEIER, in his official capacity as a | ) | |
| member of the Harvey County Commission; | ) | |
| RON KREHBIEL, in his official capacity as a | ) | |
| member of the Harvey County Commission; | ) | |
| MARGE ROBERSON, in her official capacity | ) | |
| as a member of the Harvey County Commission; | ) | |
| THE CITY OF NEWTON, KANSAS, a | ) | |
| Kansas Municipality; | ) | |
| MARK SMITH, in his official capacity as a | ) | |
| police officer for the City of Newton, Kansas; | ) | |
| DEREK BOTTERWECK, in his official capacity | ) | |
| as a police officer for the City of Newton, Kansas; | ) | |
| MIKE YODER, in his official capacity as a | ) | |
| police officer for the City of Newton, Kansas. | ) | |
| | ) | |

## Memorandum and Order

Plaintiff Trula Crum filed this action on December 27, 2005, in the District Court of Harvey County, Kansas, claiming the defendants violated her federal constitutional rights in connection with an allegedly unlawful search and seizure. Plaintiff also asserted claims based upon state law. On April 24, 2006, four of the defendants filed a notice of removal to U.S. District Court asserting that the action was removable under 28 U.S.C. § 1441(b). Doc. 1.[1]

---

[1] The court notes that the Notice of Removal did not allege that all of the defendants named in the complaint consented to removal. *Cf. Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003) ("rule of unanimity" requires that all defendants who have been served must join in or consent to the

On May 1, 2006, defendants Smith, Botterweck, Yoder, and the City of Newton filed a motion pursuant to Fed.R.Civ.P. 12(b)(2), (4), (5) and (6) to quash service of process and to dismiss the action. Doc. 3. The motion, supported by an affidavit, alleged that plaintiff's counsel had failed to comply with Kansas law in his attempts to serve these defendants such that the purported service was invalid and should be quashed. Absent valid service, these defendants argued, the court lacked personal jurisdiction over them and they were entitled to dismissal. Doc. 4. Moreover, they asserted that plaintiff's claims were barred by the statute of limitations and that the allegations therefore failed to state a claim upon which relief could be granted. On May 2, 2006, the remaining defendants (Meier, Krehbiel and Roberson) filed a similar motion. Doc. 5.

Plaintiff did not respond to the motions. On June 2, 2006, the court issued an order directing the plaintiff to show cause within 10 days why the defendants' motions to dismiss should not be granted as uncontested. Doc. 7. Plaintiff has not responded to order to show cause.

Having reviewed the defendants' motions and memoranda and the record presented, the court finds that defendants' claims of insufficient service of process are uncontested and are supported by the record. Because defendants have met their burden of showing they are entitled to dismissal, the court finds their motions to dismiss should be granted pursuant to Rule 12(b)(5) for insufficiency of service of process and pursuant to Rule 12(b)(2) for lack of jurisdiction over the person of the defendants. *Cf. Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). The court declines to base the dismissal upon defendants' asserted statute of limitations defenses.

---

removal). Nevertheless, any potential objection on this ground appears to be waived since it has not been raised within 30 days of the notice of removal. 28 U.S.C. § 1447(c); *Loftis*, 342 F.3d at 516-17.

*Conclusion*.

The Motion to Quash and Dismiss of defendants Smith, Botterweck, Yoder and the City of Newton (Doc. 3), and the Motion to Dismiss of defendants Meier, Krehbiel, and Roberson (Doc. 5) are GRANTED.  The action against the defendants is hereby DISMISSED without prejudice pursuant to Fed.R.Civ.P. 12(b)(2) and (b)(5).  IT IS SO ORDERED this   12th    day of July, 2006, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge